# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MAYNARD WAYNE BIGLEGGINS,<br><br>Defendant. | No. CR 21-44-GF-BMM<br><br>**ORDER** |

## INTRODUCTION

The Government has charged Maynard Wayne Bigleggins ("Bigleggins") with two counts of Sexual Assault of a Minor and with one count of Possession of with Intent to Distribute a Controlled Substance to a Minor. (Doc. 1.) Bigleggins is a 25-year-old Native American man. Bigleggins moved for a psychiatric evaluation to determine whether he was competent to proceed on November 1, 2021. (Doc. 31.) The Government did not oppose the motion. (*Id.*) The Court granted the motion on November 8, 2021. (Doc. 32.)

Dr. Ryan Nybo ("Dr. Nybo"), a forensic psychologist, conducted an evaluation of Bigleggins beginning on February 8, 2022. (Doc. 34.) Dr. Nybo submitted his final report to the Court on May 6, 2022. (Doc. 39.) Dr. Nybo diagnosed Bigleggins with the following conditions: (1) Intellectual Disability,

1

Mild; (2) Methamphetamine Use Disorder, Severe; and (3) Antisocial Personality Traits. (*Id.* at 7.) Dr. Nybo's cognitive and psychological testing of Bigleggins included the Wechsler Adult Intelligence Scale, Fourth Edition ("WAIS-IV"). (*Id.* at 7.) Bigleggins's WAIS-IV score for Overall Intellectual Functioning was in the Extremely Low range. (*Id.*) Bigleggins's Full-Scale IQ score is 66, putting him in the 1st percentile of the general population. (*Id.*) Dr. Nybo determined Bigleggins's Overall Academic Functioning to be in the Extremely Low range. (*Id.*) Dr. Nybo concluded that Bigleggins's intellectual functioning impaired his ability to understand the nature and consequences of the court proceedings brought against him and impaired Bigleggins's ability to assist counsel in his defense. (*Id.* at 10.)

The Court determined that Bigleggins was not competent to proceed in light of Dr. Nybo's forensic evaluation findings. (Doc. 42.) The Court's June 13, 2022 Order provided for a competency restoration process and a forensic evaluation of whether Bigleggins was legally insane at the time of the alleged offenses. (*Id.* at 2.) Bigleggins arrived at FMC Devens on October 6, 2022. (Doc. 51-1 at 1.) Miriam Kissin, Psy.D., Forensic Psychologist, and Amanda Falcón, M.A., Pre-Doctoral Psychology Intern, evaluated Bigleggins at FMC Devens. (*Id.* at 6–8.)

Kissin and Falcón submitted reports addressing Bigleggins's current competency and mental state at the time of the alleged offenses. (Doc. 51-1; Doc. 51-2.) Bigleggins cooperated fully in the competency restoration process and in the

2

evaluations. (Doc. 51-1 at 7.) Kissin and Falcón reviewed the following collateral materials in preparing their reports: (1) the Court's June 13, 2022 Order; (2) the Indictment; (3) Pretrial Services Report; (4) Dr. Nybo's May 6, 2022 Competency Evaluation; (5) Discovery materials; and (6) Bigleggins's medical and mental health records provided by BOP. (*Id.* at 2.) Kissin and Falcón opine that Bigleggins was not insane at the time of the alleged offenses and is competent to stand trial. (Doc. 51-1 at 12–13; Doc. 51-2 at 3–4.)

The Court conducted a follow-up competency hearing on May 16, 2023. (Doc. 55.) The Court directed the parties to submit supplemental briefing on or before May 19, 2023. (*Id.*) Bigleggins's counsel expressed continuing concerns about whether Bigleggins has been restored to competency. (Doc. 56 at 6.) Bigleggins's counsel urges the Court to authorize the retention of an independent psychiatric evaluator to assess Bigleggins's competency to stand trial, or, in the alternative, to grant Bigleggins's counsel an opportunity to seek an independent evaluation at a later date should counsel's concerns regarding Bigleggins's competency persist. (*Id.*) The Government contends that the expert evidence demonstrates that Bigleggins has been restored to competency. (Doc. 57 at 6.) The Government urges the Court to adopt Kissin's and Falcón's opinions, to find Bigleggins competent, and to resume proceedings. (*Id.*) The Government additionally notes that meaningful discussions regarding a potential plea agreement cannot take place unless the Court deems

Bigleggins competent. (*Id.*)

Bigleggins presents with significant learning and behavioral difficulties. Bigleggins was placed in special education as a child. (Doc. 51-1 at 4.) Bigleggins began using alcohol as a child and engaged in significant use through age 17. (*Id.* at 5.) He began significant daily use of methamphetamine at age 17. (*Id.* at 6.) Bigleggins possesses very limited employment history. (*Id.* at 4.)

Bigleggins has experienced significant trauma as a child and young adult. Bigleggins witnessed his uncle and grandfather die in a house fire at age 7. (*Id.* at 6.) He witnessed his best friend commit suicide when Bigleggins was 17. (*Id.*) Bigleggins attempted suicide at age 18. (*Id.*) He was stabbed four times at age 19. (*Id.* at 5.) Bigleggins received a life-flight, was comatose for one week, and was hospitalized for a total of three weeks. (*Id.*) Bigleggins experiences frequent nightmares and flashbacks. (*Id.* at 6.) He reported symptoms of depression and PTSD. (*Id.*) Bigleggins endorsed significant past self-harming behaviors from age 15 to approximately age 22. (*Id.*)

Kissin and Falcón opine that Bigleggins has displayed adequate understanding of the charges against him, the penalties he faces if convicted, the consequences of a successful insanity defense, and the general nature of the legal proceedings. (*Id.* at 13.) The evaluators note that Bigleggins actively participated in the competency restoration group. (*Id.* at 11.) Kissin and Falcón state that Bigleggins never expressed

confusion with respect to the material covered in the competency restoration program. (*Id.*) Bigleggins took on a support role with his peers in the group and frequently explained concepts to others. (*Id.*) The evaluators find that Bigleggins also proves capable of navigating his daily life independently. (*Id.* at 13.) Kissin and Falcón opine that Bigleggins's "present competency-related skills are not significantly compromised" and that Bigglegins is "not unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." (*Id.*) The evaluators further find that Bigleggins "does not evidence a history or current symptoms of a serious mental illness." (Doc. 51-2 at 3.)

The Court, having reviewed Kissin and Falcón's reports and having considered the parties' supplemental briefing, deems Bigleggins competent to stand trial. 18 U.S.C. § 4241(d)(2)(A). The Court determines, however, that Bigleggins will require some accommodations in order to assist his lawyers in defending the case should he elect to proceed to trial. *See, e.g.*, *U.S. v. McCray*, No. 1:15-cr-212-TCB-AJB, 2021 WL 5779399 (N.D. Ga. Apr. 28, 2021) (deeming defendant competent but ordering trial accommodations).

## ORDER

Accordingly, **IT IS ORDERED:**

1. Bigleggins is hereby deemed **COMPETENT** to stand trial.

2. Bigleggins's request to retain an independent psychiatric evaluator to

5

assess Bigleggins's competency to stand trial is **DENIED.**

3. Bigleggins may move for an independent evaluation should his counsel's concerns about Bigleggins's competency persist.

4. The parties are encouraged to engage in meaningful discussions regarding a potential plea agreement.

5. The Court will require the following accommodations should Bigleggins proceed to trial:

i. The Government shall produce any exhibits it intends to introduce at trial, as well as all witness statements, *Jencks, Brady*, and *Agurs/Giglio* materials, and Rule 404(b) evidence, no later than sixty days before trial. This extra time will allow Bigleggins and his counsel to have at their early disposal all of the Government's evidence so that Bigleggins will have sufficient opportunity to repetitively go over all of the materials with them, build awareness of the evidence that will be presented against him, and assist his counsel with evidence that counters any Government witnesses and evidence. Any evidence produced by the Government after this deadline, even if discovered after the deadline has passed, shall not be admissible at trial.

ii. Bigleggins shall be afforded an extra attorney to sit at counsel table to consult with him as the trial proceedings progress.

iii. Bigleggins shall be allowed a brief recess at the end of each Government

witness's direct examination and before cross-examination in order to consult with lead and assisting counsel.

5. Bigleggins may move the Court for additional or modified trial accommodations as necessary to protect Bigleggins's ability to assist counsel, understand the nature and consequences of the legal proceedings, and make decisions about his case.

DATED this 6th day of June, 2023.

_____
Brian Morris, Chief District Judge
United States District Court