IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. MAYNARD WAYNE BIGLEGGINS, Defendant. | CR 21-44-GF-BMM-JTJ FINDINGS AND RECOMMENDATIONS |

## I. Synopsis

Defendant Maynard Wayne Bigleggins (Bigleggins) has been accused of violating conditions of his supervised release. (Doc. 84). Bigleggins admitted the alleged violations. Bigleggins' supervised release should be revoked. Bigleggins should be placed in custody until May 27, 2024, at 1:30 p.m., with 57 months of supervised release to follow.

## II. Status

Bigleggins plead guilty on August 24, 2023, to the offense of Sexual Abuse Of A Minor in violation of 18 U.S.C. Sections 2243(a) and 1153(a) as charged in Count II of the Indictment. (Doc. 74). Bigleggins was sentenced to 842 days of custody followed by 5 years of supervised release. (Doc. 81 and Doc. 83). Bigleggins' current term of supervised release began on March 19, 2024.

**Petition**

On April 17, 2024, the United States Probation Office filed a Petition requesting that the Court revoke Bigleggins' supervised release. (Doc. 84). The Petition alleged Bigleggins violated conditions of his supervised release by (1) consuming alcohol on March 21, 2024, March 29, 2024, April 1, 2024, and April 7, 2024; (2) using marijuana on March 30, 2024, March 31, 2024, and April 6, 2024. The Petition further alleged that (3) on April 14, 2024, Bigleggins committed the misdemeanor offense of Disorderly Conduct, in violation of Fort Peck Tribes Criminal Code Title 7 Sec. 440.

**Initial Appearance**

Bigleggins appeared before the Court on May 7, 2024. Bigleggins was represented by counsel. Bigleggins stated that he had read the Petition and that he understood the allegations against him. Bigleggins waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on May 7, 2024. Bigleggins admitted that he had violated the conditions of supervised release as set forth in the Petition by (1)consuming alcohol on March 21, 2024, March 29, 2024, April 1, 2024, and April 7, 2024; (2) using marijuana on March 30, 2024, March 31, 2024, and

April 6, 2024; and (3) on April 14, 2024, committing the misdemeanor offense of Disorderly Conduct, in violation of Fort Peck Tribes Criminal Code Title 7 Sec. 440. The Court continued the sentencing hearing until May 14, 2024, to allow the parties time to explore chemical dependency treatment placements. (Doc. 86).

### Sentencing hearing

Bigleggins appeared before the Court on May 14, 2024.  The Court noted that Bigleggins had previously admitted to violating the terms of his supervised release as set forth above.  Bigleggins' violation is a Grade C violation.  His criminal history category is I.  Bigleggins' underlying offense is a Class C felony.  Bigleggins could be incarcerated for up to 24 months. Bigleggins could be ordered to remain on supervised release for 60 months less any custody time.  The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III.   Analysis

Bigleggins' supervised release should be revoked.  Bigleggins should be placed in custody until May 17, 2024, at 1:30 p.m., with 57 months of supervised release to follow.  During the first six to twelve months of supervised release, Bigleggins should be placed in the Mark House Sober Living facility in Billings, Montana. Bigleggins shall remain at the Mark House Sober Living facility for at least six months and no more than twelve months, with any term beyond six months to be at the discretion of his probation officer.

This sentence is sufficient but not greater than necessary.

## IV. Conclusion

The Court informed Bigleggins that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed Bigleggins of his right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Bigleggins that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Bigleggins stated that he wished to waive his right to object to these Findings and Recommendations, and that he wished to waive his right to allocate before Judge Morris.

The Court **FINDS**:

> That Maynard Wayne Bigleggins has violated the conditions of his supervised release by (1) consuming alcohol on March 21, 2024, March 29, 2024, April 1, 2024, and April 7, 2024; (2) using marijuana on March 30, 2024, March 31, 2024, and April 6, 2024, and (3) by committing the misdemeanor offense of Disorderly Conduct, in violation of Fort Peck Tribes Criminal Code Title 7 Sec. 440 on April 14, 2024.

The Court **RECOMMENDS:**

> That the District Court revoke Bigleggins' supervised release and commit Bigleggins to the custody of the United States Bureau of Prisons until Friday, May 17, 2024, at 1:30 p.m., with 57 months of supervised release to follow. During the first 6 to 12 months of Bigleggins' supervised release, he shall be placed at the Mark House Sober Living facility in Billings, Montana. Bigleggins shall reside at

the Mark House Sober Living facility for at least six months and no more than twelve months, with the term beyond six months to be at the discretion of Bigleggins' probation officer.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file a written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. Section 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocate before a district court judge.

DATED this 14th day of May 2024.

John Johnston
United States Magistrate Judge